# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YERNELL JAMES | : | |
| | : | |
| v. | : | Civil No. CCB-10-2267 |
| | : | |
| ANNE ARUNDEL COUNTY, MARYLAND | : | |

## MEMORANDUM

Yernell James, proceeding pro se, has sued Anne Arundel County, Maryland, alleging a hostile work environment claim under Title VII of the Civil Rights Act of 1964. Now pending before the court is the defendant's motion to dismiss. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, the defendant's motion will be granted.

## BACKGROUND

Ms. James, an African-American female, began working as a detention officer at the Anne Arundel County Detention Center in 1993. In October 2007, Ms. James entered into a personal relationship with a fellow officer on her shift. She ended the relationship in September 2008. Soon afterwards, Ms. James alleges that Corporal John Fotopoulos began to harass her in various ways, including entering a locked bathroom which he knew the plaintiff occupied, stating to other officers that she "needed to be forced to retire," and failing to answer her radio calls while on duty. Ms. James also alleges that beginning in early 2009, she developed a rash on her back, muscle stiffness, and severe anxiety as a result of a campaign led by Cpl. Fotopoulos to

1

contaminate the plaintiff's work environment.

On April 14, 2009, Ms. James filed a formal complaint against Cpl. Fotopoulos, alleging that he had singled out the plaintiff for harassment because she ended a relationship between her and a fellow officer. Two weeks after she filed the complaint, Ms. James alleges that someone had written a statement on the line-up room chalkboard stating, "remember never break the man code." The Detention Center conducted an investigation into Ms. James's complaint and concluded that there was no ongoing harassment of the plaintiff and that there was no contamination of her post. Ms. James alleges that despite the investigation, the harassment against her continued. She also alleges that she suffered two additional "outbreak exposures" while on duty, one in August 2009 and one in January 2010.

On January 21, 2010, Ms. James filed a formal complaint with the EEOC. Eight days later, on January 29, 2010, Ms. James was placed on administrative leave and scheduled for a fitness for duty exam. Terry Kokolis, now superintendent of the Anne Arundel County Detention Center, allegedly told Ms. James that if she missed her fitness for duty exam, it would be grounds for disciplinary action. Ms. James attended her fitness for duty exam on February 3, 2010, where she learned that 6 of the 32 officers on her shift petitioned to have her removed from the shift. At the conclusion of her exam, Ms. James alleges that Dr. Jack Leeb not only found her fit for duty, but also stated that she "did not fit the descriptions provided to him" and inquired why she was sent for an exam. Ms. James informed Dr. Leeb that she had filed a harassment complaint against a number of officers. Although it is unclear from the plaintiff's complaint, it appears that she was reinstated to her position and returned to work, where the harassment allegedly continued. On May 25, 2010, Ms. James received a letter from the EEOC,

dismissing her charge. The EEOC stated that it was "unable to conclude that the information obtained establishes violations of the statutes." (EEOC Dismissal Letter, Compl., Ex. 1.) As of the filing of her amended complaint, Ms. James remains employed at the Anne Arundel County Detention Center.

On August 19, 2010, Ms. James filed suit against three individual defendants.[1] On March 22, 2011, the court granted the plaintiff's motion for leave to amend the complaint, adding Anne Arundel County ("the County") as a defendant. On April 5, 2011 the County moved to dismiss the plaintiff's complaint. Ms. James has opposed the motion.

## STANDARD OF REVIEW

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint

---

[1] These individual defendants were dismissed from the case on February 7, 2011 (*See* Feb. 7, 2011 Order, ECF No. 15.)

are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## **ANALYSIS**

Ms. James alleges that she was harassed by Cpl. Fotopoulos and other correctional officers employed by the Anne Arundel Detention Center because of her race and gender in violation of Title VII. The County has moved to dismiss the claim on two grounds. First, the defendant argues that Ms. James's hostile work environment claim should be rejected as untimely. A Title VII plaintiff has ninety days to file a lawsuit after he or she receives a Notice of Right to Sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). In this case, there is no dispute that Ms. James filed her complaint within the ninety day filing period. The EEOC mailed a right to sue letter to Ms. James on May 25, 2010, and she filed a complaint asserting a Title VII claim on August 19, 2010. The County nonetheless argues that Ms. James's hostile work environment claim was not filed within the ninety day period because specific factual allegations supplementing her claim were not included until she filed an amended complaint on March 22, 2011.[2] This argument is not persuasive.

Federal Rule of Civil Procedure 15(c)(1) states that "[a]n amendment to a pleading

---

[2] The County does not presently challenge whether its addition as a defendant after the 90 day filing period "relates back" to the original filing under Fed. R. Civ. P. 15(c). The County, however, reserved the right to challenge the timeliness of the plaintiff's suit on this ground at a later point. (*See* Def.'s Mot. to Dismiss at 3 n.3.)

relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Although the rule does not necessarily require proof that a defendant had notice of a claim within the limitations period, such notice is relevant to whether an amended claim satisfies Rule 15(c)(1)(B). *See Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004) ("In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds."); 6A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1497 (3d ed. 2010) ("Although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading."). Ms. James asserted her hostile work environment claim in the original complaint, which was filed within the ninety day filing period. In the original complaint, she identified the alleged main perpetrator of the harassment, Cpl. Fotopoulos, and described his alleged harassing conduct. (*See* Compl. ¶ 6.) The amended complaint merely supplemented the original complaint with a more detailed account of acts that contributed to her alleged hostile work environment. The claim alleged in the amended complaint is therefore the same claim as is set forth in the original complaint. It relates back to August 19, 2010, and is timely under 42 U.S.C. § 2000e-5(f)(1).

Second, the County argues that Ms. James has failed to state a valid hostile work environment claim under Title VII. To state a prima facie case of hostile work environment, a plaintiff must show "(1) unwelcome conduct; (2) that is based on the plaintiff's sex [and/or race];

5

(3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Okoli v. City of Baltimore*, -- F.3d ----, 2011 WL 3437698, at *3 (4th Cir. 2011) (alteration in original) (quoting *Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 334 (4th Cir. 2010)). Although Ms. James makes numerous conclusory assertions that she was harassed because she is an African American female, she has failed to state facts sufficient support those assertions. In her complaint, she alleges that other detention officers began to harass her after she ended her relationship with a fellow officer on her shift, not because of her gender or race. (*See* Am. Compl. at 3.) Indeed, in the formal complaint Ms. James made against Cpl. Fotopoulos on April 14, 2009, she alleged that he targeted her for harassment because she ended a relationship with a fellow officer on their shift. While such treatment would be inappropriate and unfair, it is not in itself a violation of Title VII. Accordingly, the defendant's motion must be granted.

    A separate Order follows.

August 19, 2011                                    /s/
Date                                               Catherine C. Blake
                                                    United States District Judge